No. 26-30316

# In the United States Court of Appeals for the Fifth Circuit

JOSHUA FOLKS,
*Plaintiff-Appellant,*

v.

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; TIM HOOPER, WARDEN, LOUISIANA STATE PENITENTIARY; JOHN DOE, ASSISTANT WARDEN FOR HEALTH SERVICES; PAUL TOCE, DIRECTOR OF MEDICAL SERVICES; DAN LEFLEUR, MEDICAL DEPARTMENT DIRECTOR; JOHN DOE, ACUTE TREATMENT UNIT DIRECTOR; ASHLI OLIVEAUX, ADA ADMINISTRATOR; UNKNOWN GAMBLE, DOCTOR; JOHN DOE, OFFICER; JOHN DOE, EMT,
*Defendants-Appellees.*

On Appeal from the United States District Court for the Middle District of Louisiana, No. 3:23-cv-01289, Chief Judge Shelly D. Dick

**REPLY BRIEF OF PLAINTIFF-APPELLANT JOSHUA FOLKS**

Samuel Weiss
Derrick L. Luster
RIGHTS BEHIND BARS
1800 M Street, NW
FNT 1 #33821
Washington, DC 20033
(202) 455-4399
sam@rightsbehindbars.org

Kenneth D. Beale
JENNER & BLOCK LLP
1099 New York Avenue
NW Suite 900
Washington, DC 20001
(202) 639-6000
kbeale@jenner.com

Elizabeth A. Edmondson
Shailee D. Sharma
Molly Oberstein-Allen
Kevin K. Si
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600
eedmondson@jenner.com

*Counsel for Plaintiff-Appellant Joshua Folks*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

ARGUMENT ........ 3

I. THE DISTRICT COURT ERRED BY GRANTING SUMMARY JUDGMENT ON EXHAUSTION WHEN THERE IS NO DISPUTE THAT DEFENDANTS FAILED TO MEET THEIR BURDEN. ........ 3

A. This Court's Caselaw Squarely Establishes that Reversal Is Required ........ 3

B. The Doctrine Of Forfeiture Is Inapplicable Because Mr. Folks Does Not Seek To Raise A New Argument, And Has No Need To ........ 5

C. Dismissal Based On An Erroneous Interpretation Of The PLRA Is A Pure Legal Error Warranting Reversal, Regardless Of Whether Forfeiture Applied. ........ 10

II. THE DISTRICT COURT ERRED BY DENYING RECONSIDERATION ........ 12

III. THE COURT SHOULD DECLINE TO REACH DEFENDANTS' PRESCRIPTION ARGUMENT, WHICH IS NOT PROPERLY BEFORE IT. ........ 14

A. The District Court Did Not Reach The Statute Of Limitations, And This Court Should Refrain From Adjudicating It In The First Instance. ........ 14

B. In The Alternative, The Statute Of Limitations Does Not Bar Mr. Folks's Claims ........ 15

CONCLUSION ........ 18

# TABLE OF AUTHORITIES

## CASES

*AG Acceptance Corp. v. Veigel*, 564 F.3d 695 (5th Cir. 2009) .........................10, 13

*Bailey v. Board of Commissioners of Louisiana Stadium & Exposition District*, 427 F. Supp. 3d 806 (E.D. La. 2019) ..................................................16

*Bargher v. White*, 928 F.3d 439 (5th Cir. 2019).......................................................1

*In re Benjamin Moore & Co.*, 318 F.3d 626 (5th Cir. 2002)..................................12

*Bernal v. Bexar County*, 757 F. App'x 316 (5th Cir. 2018) ........................11, 12, 13

*Berry v. Board of Supervisors of L.S.U.*, 715 F.2d 971 (5th Cir. 1983).................15

*Boswell v. Claiborne Parish Detention Center*, 629 F. App'x 580 (5th Cir. 2015) ..............................................................................................................17

*Brockman v. Texas Department of Criminal Justice*, 397 F. App'x 18 (5th Cir. 2010)...........................................................................................................18

*Brooks v. Menifee*, 2010 WL 7827470 (W.D. La. Sept. 27, 2010), *report and recommendation adopted*, 2011 WL 5117600 (W.D. La. Oct. 26, 2011) ..............................................................................................................17

*Colony Insurance Co. v. Wright on Behalf of Wrongful Death Beneficiaries of Wright*, 16 F.4th 1186 (5th Cir. 2021).....................................11

*Donaldson v. O'Connor*, 493 F.2d 507 (5th Cir. 1974), *vacated on other grounds*, 422 U.S. 563 (1975) ......................................................................16, 17

*First United Pentecostal Church v. Church Mutual Insurance Co.*, 119 F.4th 417 (5th Cir. 2024) ...........................................................................8, 10

*Fontenot v. Upjohn Co.*, 780 F.2d 1190 (5th Cir. 1986) .....................................3, 7

*Gray v. Sears, Roebuck & Co.*, 131 F. Supp. 2d 895 (S.D. Tex. 2001) .................14

*Guy v. LeBlanc*, 400 F. Supp. 3d 536 (M.D. La. 2019)..........................................16

*Guzman v. United States Immigration Department*, 2023 WL 1873100 (5th Cir. Feb. 9, 2023)...........................................................................................8

*Hibernia National Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277 (5th Cir. 1985) ....................4, 5, 9

*John v. Louisiana (Board of Trustees for State Colleges & Universities)*, 757 F.2d 698 (5th Cir. 1985) ....................*passim*

*Koon v. United States*, 518 U.S. 81 (1996)....................12

*Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980)....................16, 17

*Megalomedia Inc. v. Philadelphia Indemnity Insurance Co.*, 2026 WL 2683018 (5th Cir. Sept. 14, 2026) ....................10

*R J Reynolds Tobacco Co. v. FDA*, 96 F.4th 863 (5th Cir.), *cert. denied*, 145 S. Ct. 592 (2024)....................14

*Reagan National Advertising of Austin, Inc. v. City of Austin*, 64 F.4th 287 (5th Cir. 2023)....................10, 13

*Stringer v. Town of Jonesboro*, 986 F.3d 502 (5th Cir. 2021)....................15

*Students for Fair Admissions, Inc. v. University of Texas at Austin*, 142 F.4th 819 (5th Cir. 2025) ....................14, 15

*United States v. Ma*, 178 F.4th 884 (5th Cir. 2026)....................13

*Weathers v. Houston Methodist Hospital*, 116 F.4th 324 (5th Cir. 2024) ....................8

*Wilson v. Epps*, 776 F.3d 296 (5th Cir. 2015) ....................3, 5

*Winans v. McKay*, 2025 WL 3092771 (5th Cir. Nov. 5, 2025), *petition for cert. filed*, No. 25-7201 (U.S. Apr. 15, 2026)....................8

**STATUTES**

42 U.S.C. § 1997e(a)....................1

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56 advisory committee's notes to 1963 amendment....................5

## INTRODUCTION

In this appeal, there is no dispute as to the applicable law or the facts. Defendants do not dispute that the failure to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA") is an affirmative defense. They do not dispute that they bore the burden of establishing that defense. They do not dispute that, under the precedential law of this Circuit, a threshold element of the affirmative defense is that the action be brought "by a prisoner confined in any jail, prison, or other correctional facility" *at the time of filing*, 42 U.S.C. §1997e(a), because it is well-established that "the PLRA's restrictions do not apply to actions filed by former inmates following their release." *Bargher v. White*, 928 F.3d 439, 447-48 (5th Cir. 2019). And they do not argue that there is any evidence in the record that Plaintiff Mr. Folks was incarcerated at the time of filing. Thus, there is no dispute that, if the Court conducts a *de novo* review of the record under this Court's precedents, it will have no choice but to conclude that Defendants did not carry their burden on the affirmative defense of exhaustion.

Defendants' only argument against reversal requires that this Court not conduct a *de novo* review. And the reason Defendants offer is that, in the court below, Mr. Folks did not point out their failure to come forward with *prima facie* evidence for this affirmative defense.

Defendants invoke the doctrine of forfeiture to justify this argument. But that

doctrine is inapplicable here because there was nothing to forfeit. Mr. Folks does not ask this Court to consider an argument or evidence that he did not submit below. He simply asks this Court to apply the existing precedent of this Circuit to the record below, in keeping with the ordinary standard of review of summary judgment. Here, it is *Defendants* who are asking this Court to depart from the ordinary course and ignore that, under the law of this Circuit as applied to the undisputed record, Mr. Folks' claim is not barred.

The law of this Circuit does not permit, much less require, such a result. This Court's precedents make clear that summary judgment must be based on what the movant establishes, irrespective of the non-movant's arguments. This Court has squarely held that, even if Mr. Folks had failed to submit any response to Defendants' summary judgment papers, the district court had an obligation to independently confirm that each element of the affirmative defense was met.

Even were forfeiture the right lens to examine the facts here, this Court can and should reverse the judgment below because the decision below applied an incorrect rule of law to Mr. Folks's circumstances, causing a miscarriage of justice.

Finally, this Court should reject Defendants' request for this Court to resolve, in the first instance, the contested, fact-bound defense of prescription, which the district court never reached.

Adopting Defendants' position here would be an inversion of this Court's

caselaw. In the court below, Defendants, the plaintiff, and the district court each failed to identify that incarceration at the time of filing is a required element of the PLRA defense of exhaustion. Of the three, Mr. Folks was the only one who did not have an obligation to identify the absence of proof under this Court's caselaw. And yet, if this Court does not overturn the result below, Mr. Folks will be the only one to suffer, with his claims dismissed with prejudice pursuant to an affirmative defense that neither the Defendants nor the district court now assert was even applicable to him. The judgment cannot stand.

## ARGUMENT

### I. THE DISTRICT COURT ERRED BY GRANTING SUMMARY JUDGMENT ON EXHAUSTION WHEN THERE IS NO DISPUTE THAT DEFENDANTS FAILED TO MEET THEIR BURDEN.

#### A. This Court's Caselaw Squarely Establishes that Reversal Is Required.

In his opening brief, Mr. Folks cited an unbroken line of precedent establishing that:

(1) to prevail on summary judgment, a defendant is required to "establish beyond peradventure all of the essential elements of the defense of exhaustion," *Wilson v. Epps*, 776 F.3d 296, 299 (5th Cir. 2015) (citation omitted); *see also Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (cited in Dkt. 21, Plaintiff-Appellant's Brief ("Br.") at 9, 12);

(2) on summary judgment, a "nonmovant is under no obligation to respond

unless the movant discharges the initial burden of demonstrating" that it is "entitled to judgment as a matter of law," *John v. Louisiana (Board of Trustees for State Colleges & Universities)*, 757 F.2d 698, 708 (5th Cir. 1985) (citation omitted) (cited in Br. at 13);

(3) where the party seeking summary judgment has failed to discharge its burden, a motion for summary judgment cannot be granted even if the other party does not point out the error; the district court has an obligation to assess the evidence, and "grant[ing] summary judgment solely because of a default" is "reversible error." *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) (holding that, unless the movant for summary judgment has met his burden, "the court may not grant the motion, regardless of whether any response was filed"); *see John*, 757 F.2d at 708 ("If the moving party fails to discharge th[e] [initial] burden, summary judgment must be denied—even if the nonmoving party has not responded to the motion.") *see also id*. at 712 ("The existence of material questions of fact is itself a question of law that the district court is bound to consider before granting summary judgment.") (cited in Br. at 13-14).

Defendants have failed to distinguish or otherwise address every single one of the above-referenced precedential cases from this Court cited in Mr. Folks's opening

brief. That is because the above caselaw cited by Mr. Folks and left unanswered by Defendants squarely resolves the dispute here.

Defendants had an obligation to "establish beyond peradventure all of the essential elements of the defense of exhaustion" under the PLRA. *Wilson*, 776 F.3d at 299 (citation omitted). If Defendants did not do so (which, as shown *infra*, they did not), Mr. Folks had no obligation to point out their failure or otherwise respond to their motion. *See John*, 757 F.2d at 708. Even had Mr. Folks not responded at all, the district court was still obligated to determine whether Defendants had met their burden on all the elements of exhaustion to be entitled to summary judgment. *See id.*; *Hibernia Nat'l Bank*, 776 F.2d at 1279; *see also* Fed. R. Civ. P. 56 advisory committee's notes to 1963 amendment ("Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented."). At no point could the district court rely on Mr. Folks's silence regarding Defendants' omission to serve as the basis for the district court's grant of summary judgment. The district court's reliance on that alleged "default" was reversible error. *Hibernia Nat'l Bank*, 776 F.2d at 1279.

### B. The Doctrine Of Forfeiture Is Inapplicable Because Mr. Folks Does Not Seek To Raise A New Argument, And Has No Need To.

Defendants argue that the doctrine of forfeiture means Mr. Folks's "arguments" are "not properly before this Court." Dkt. 25, Defendant-Appellees'

Answering Brief ("Answering Br.") at 8-12. This position is incorrect. Mr. Folks does not attempt to introduce a new "argument" on appeal that was not previously made below. *Contra id*. Rather, Mr. Folks simply seeks to draw the Court's attention to an omission in Defendants' summary judgment motion that should have resulted in the denial of summary judgment on its own, regardless of whether Mr. Folks had previously pointed out the omission in his summary judgment briefing. *See* Br. at 15-17.

This Court distinguished this very circumstance from one in which forfeiture would apply in *John v. Louisiana (Board of Trustees for State Colleges & Universities)*, 757 F.2d 698 (5th Cir. 1985). In *John*, the plaintiff-appellant did not file an opposition to summary judgment and the district court entered summary judgment for the defendant as a consequence. *See id.* at 707. Notwithstanding the plaintiff's failure to oppose summary judgment below, on appeal, he pointed to various parts of the record before the district court which he contended created a genuine dispute of material fact. *Id*. at 710. Like Defendants here, the *John* defendants argued that the plaintiff forfeited his ability to invoke the alleged factual disputes on the basis that "materials not presented to a [d]istrict [c]ourt for consideration of a motion for summary judgment are never properly before the reviewing court on appeal from the judgment granting the motion." *Id*. In response, this Court "heartily agree[d]" that nonmovants to summary judgment cannot use an

appeal to raise "distinct issues that were not before the district court" or "introduc[e] new materials into the record on appeal" (reiterating the default rule against forfeiture). *Id*. However, the Court explained that what the plaintiff sought to do was different: he was not attempting to "supplement the record" with new evidence or issues not before the district court, he was simply pointing to evidence that was presented by the defendants at summary judgment and at an earlier preliminary injunction hearing. *Id*. at 711. The plaintiff did not "lose[] the right to use that evidence on appeal" because he failed to "draw the district court's attention to [that] specific evidence" below. *Id*.

This Court's holding in *John* applies with even greater force to the instant appeal. Like the *John* plaintiff, Mr. Folks points out only what was made plainly apparent to the district court, not only by the exhibits attached to his opposition to Defendants' motion for summary judgment, but also in Defendants' own summary judgment motion and statement of undisputed material facts. Br. at 19 & n.4 (citing ROA.1178, 2329). And unlike the plaintiff in *John*, Mr. Folks did not ever carry the burden to point to "specific evidence" to resist summary judgment on Defendants' affirmative defense, *John*, 757 F.2d at 711, because that burden remained with Defendants, *see Fontenot*, 780 F.2d at 1194 ("[I]f the movant bears the burden of proof on an issue . . . he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor."). As such, Mr.

Folks does not attempt to refer to particular evidence or make new arguments on appeal, for he has no need to. Mr. Folks merely seeks to remind the Court of the truism that Defendants bore the initial burden to establish each element of their affirmative defense, *see* Part I.A, *supra*, and accordingly, to refocus the Court's attention on Defendants' motion for summary judgment, which did not so much as even mention Mr. Folks's incarceration status at the time of filing, much less any evidence in the record to support it, *see* Br. at 5-6, 16. Defendants' silence fell short of their summary judgment burden. *See id*. at 15-17.

Unlike here, the caselaw cited by Defendants involves attempts by litigants to introduce entirely new evidence or legal theories,[1] which, as explained above, is precisely what Mr. Folks does *not* do. Further, the courts in Defendants' cases reached the question of whether nonmovants had forfeited or timely raised new

[1] *See, e.g.*, *Winans v. McKay*, 2025 WL 3092771, at *3 (5th Cir. Nov. 5, 2025) (plaintiff in real property action forfeited new theories to refute the "extensive evidence" showing that the defendant "met his burden" on summary judgment), *petition for cert. filed*, No. 25-7201 (U.S. Apr. 15, 2026); *First United Pentecostal Church v. Church Mut. Ins. Co.*, 119 F.4th 417, 426-27 (5th Cir. 2024) (party forfeited new evidentiary objections to expert testimony which the district court determined to be "credible" in determining damages); *Guzman v. U.S. Immigr. Dep't*, 2023 WL 1873100, at *1 (5th Cir. Feb. 9, 2023) (habeas petitioner forfeited new due process claims related to his immigration proceedings where he did not challenge the district court's prior conclusion that it lacked jurisdiction to consider his claims) (per curiam); *Weathers v. Hou. Methodist Hosp.*, 116 F.4th 324, 329 (5th Cir. 2024) (party forfeited relation back theory to refute statute of limitations defense which the district court credited based on other evidence).

evidence or theories only because the movants in those cases fully discharged their summary judgment burdens. *See* note 1, *supra*. Here, however, Defendants never so much as acknowledged a key element necessary for their defense, *see* Br. at 15-17, and thus could not have forced Mr. Folks to come forward with evidence or theories in response. Mr. Folks did not and does not acquire any burden at summary judgment because Defendants never discharged their burden to establish even *prima facie* entitlement to dismissal and thereby never shifted the burden of rebutting the defense to Mr. Folks. *See John*, 757 F.2d at 708; *see also Hibernia Nat'l Bank*, 776 F.2d at 1279. Thus, the question of whether Mr. Folks forfeited an argument in response to Defendants' exhaustion defense did not even yet arise, as it would have arisen only *after* Mr. Folks assumed the burden of arguing anything against Defendants' defense. *See id*.

Contrary to what Defendants' Answering Brief suggests, the proper question raised by this appeal is not whether Mr. Folks forfeited any argument in opposition to summary judgment, but whether Defendants should be excused from their burden to establish their entitlement to summary judgment on an affirmative defense. Defendants do not attempt to explain why this Court should excuse their failure to even *mention* a threshold element of their defense; they argue only that Mr. Folks should not be allowed to make new arguments on appeal, *see* Answering Br. at 8-11, which, as explained above, he does not. But excusing Defendants from meeting

their initial summary judgment burden would be exceptional. It would reward parties for asserting claims or defenses simply because they can, without bothering to address each required element, and no matter how meritless, on the off chance that the district court might overlook a key element. The Court should instead hold Defendants to their burden, and reverse.

### C. Dismissal Based On An Erroneous Interpretation Of The PLRA Is A Pure Legal Error Warranting Reversal, Regardless Of Whether Forfeiture Applied.

Even supposing that Defendants justified excusing their failure to establish an affirmative defense, Mr. Folks's failure to alert the district court to the undisputed meaning of the PLRA does not place the question beyond this Court's reach, as Defendants suggest. *See* Answering Br. at 1, 12. As this Court recently reiterated, "litigants cannot, by forfeiture or otherwise, require a court to apply an incorrect legal rule." *Megalomedia Inc. v. Phila. Indem. Ins. Co.*, 2026 WL 2683018, at *8 (5th Cir. Sept. 14, 2026). The rule excusing forfeiture for pure questions of law is well-established in this Court's published decisions. *See, e.g.*, *First United Pentecostal Church v. Church Mut. Ins. Co.*, 119 F.4th 417, 426 (5th Cir. 2024); *Reagan Nat'l Advert. of Austin, Inc. v. City of Austin*, 64 F.4th 287, 292 (5th Cir. 2023); *AG Acceptance Corp. v. Veigel*, 564 F.3d 695, 700 (5th Cir. 2009). Neither the district court nor Defendants even contest that the statute's meaning is plain or that it cannot sustain summary judgment to Defendants as actually written. Again

contrary to Defendants' accusation that Mr. Folks's appeal seeks to raise a new "argument," Answering Br. at 8-10, Mr. Folks simply asks the Court to apply the law Congress wrote.

Here, the facts, which were undisputed on summary judgment and remain undisputed on appeal, establish that Mr. Folks had been released from prison ten months before the complaint was filed on September 12, 2023, ROA.25, and was not reincarcerated at any other point before filing, ROA.2402-04, 2431. As the facts are undisputed, the only remaining question is the purely legal question of whether the PLRA applies to someone who is not detained when he files the complaint. It does not, and Defendants do not argue otherwise. *See* Br. at 15 (citing *Bargher*, 928 F.3d at 447); *id*. at 15 n.1 (collecting cases from at least seven other circuits); *id.* at 16 n.2 (explaining the same with respect to Louisiana's state corollary to the PLRA); *see generally* Answering Br.

To the extent extraordinary circumstances are required to excuse forfeiture for a purely legal question, this Court has already explained why these exact circumstances are sufficiently extraordinary to warrant reversal—they are a "miscarriage of justice" based on an "obvious" legal error in contravention of this Court's precedents. *Bernal v. Bexar Cnty.*, 757 F. App'x 316, 319 (5th Cir. 2018) (unpublished). And while *Bernal* itself is unpublished, its reasoning is sound, as a published concurrence in this Court has recognized. *See Colony Ins. Co. v. Wright*

*on Behalf of Wrongful Death Beneficiaries of Wright*, 16 F.4th 1186, 1191 (5th Cir. 2021) (Costa, J., concurring) (approving the result in *Bernal* because to conclude that the correct interpretation of the PLRA was "forfeited would have resulted in a decision contrary to binding precedent and the laws the legislatures had enacted"). Nor is there any merit to the district court's suggestion, ROA.3986-87, parroted by Defendants, that the *Bernal* Court's conclusion is distinguishable because the plaintiff proceeded *pro se*. *See* Answering Br. at 7. The *Bernal* plaintiff's *pro se* status was not cited by the *Bernal* Court as a reason for granting the appeal, *cf.* *Bernal*, 757 F. App'x at 317-20.

In sum, in its *de novo* review of the record to determine whether the grant of summary judgment was warranted, this Court can and should apply the correct interpretation of the law and conclude that Defendants have not met their undisputed burden to show that Mr. Folks was incarcerated at the time he initiated this action.

## II. THE DISTRICT COURT ERRED BY DENYING RECONSIDERATION.

Reconsideration is warranted to correct a "clear error of law." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002); *see also Koon v. United States*, 518 U.S. 81, 100 (1996) (a district court abuses its discretion by committing a clear legal error). The district court committed a clear error of law by dismissing Mr. Folks's claims under the PLRA when the statute did not apply to him. *See Bernal*, 757 F. App'x at 319. The district court said so itself: "Plaintiff is correct that the

PLRA's exhaustion requirement does not apply to lawsuits initiated by formerly jailed individuals after their term of incarceration has ended." ROA.3984 (citing *Bargher v. White*, 928 F.3d 439, 447 (5th Cir. 2019)). The district court nonetheless let the judgment stand.

Defendants fail to show that reconsideration is not justified in this case, given the clear error of law. Defendants merely refer to the general principle that courts tend to disfavor the introduction of new arguments on reconsideration that could have been raised previously, absent "extraordinary circumstance[s]." Answering Br. at 6-7. But regardless of this general rule, or how narrow the permitted exceptions, the pure legal error committed by the district court in *this* case constitutes an "extraordinary circumstance[]." *See Bernal*, 757 F. App'x at 319; Br. at 20-23. Indeed, Defendants' own authorities underscore the distinction between a "factual issue," which may be forfeited, and a "pure question of law," which may not. *Cf. United States v. Ma*, 178 F.4th 884, 895 (5th Cir. 2026) (citations omitted) (party forfeited an argument that is normally a factual issue); *see also* Part I.B n.1, *supra*. Defendants' only justification for permitting a plainly erroneous application of the PLRA in this case is that Mr. Folks is represented by counsel, but as explained above, the legal meaning of a statute is blind to the identity of the parties. *See* Part I.C, *supra*. This Court has excused the forfeiture of purely legal questions where the parties were represented by counsel. *See Reagan Nat'l Advert.*, 64 F.4th at 292; *AG*

*Acceptance Corp.*, 564 F.3d at 700. Defendants have identified no reason to depart from this principle here.

## III. THE COURT SHOULD DECLINE TO REACH DEFENDANTS' PRESCRIPTION ARGUMENT, WHICH IS NOT PROPERLY BEFORE IT.

### A. The District Court Did Not Reach The Statute Of Limitations, And This Court Should Refrain From Adjudicating It In The First Instance.

The district court granted summary judgment only on the basis of the Defendants' exhaustion defense. ROA.3925-39. It did not reach any other issue in the case, including the parties' dispute over Defendants' statute of limitations defense. *See id*. The question is therefore not before this Court, as it is a "well-established general rule" that the Court "will not reach the merits of an issue not considered by the district court." *Students for Fair Admissions, Inc. v. Univ. of Tex. at Austin*, 142 F.4th 819, 828 & n.15 (5th Cir. 2025) (citing *PHH Mortg. Corp. v. Old Republic Nat'l Title Ins. Co.*, 80 F.4th 555, 563 (5th Cir. 2023) (quoting *Magnolia Island Plantation, L.L.C. v. Whittington*, 29 F.4th 246, 252 (5th Cir. 2022)).

This is particularly true for "complicated fact-intensive dispute[s]." *R J Reynolds Tobacco Co. v. FDA*, 96 F.4th 863, 887 (5th Cir.), *cert. denied*, 145 S. Ct. 592 (2024). Defendants' statute of limitations argument hinges on whether their alleged violations were continuing and when those violations began and ended,

making it the kind of controversy that "turns on the facts and context of each particular case." *Gray v. Sears, Roebuck & Co.*, 131 F. Supp. 2d 895, 900 (S.D. Tex. 2001) (quoting *Berry v. Bd. of Supervisors of L.S.U.*, 715 F.2d 971, 981 (5th Cir. 1983)); *see* Part III.B, *infra*. Therefore, the Court should remand for the district court's initial consideration. *See Students for Fair Admissions, Inc.*, 142 F.4th at 828. As this Court has written, it is a court "of 'review, not first view.'" *Students for Fair Admissions, Inc.*, 142 F.4th at 828 (quoting *Stringer*, 986 F.3d at 509). The Court should thus vacate the judgment and remand for consideration of the remaining issues in the first instance.[2]

### B. In The Alternative, The Statute Of Limitations Does Not Bar Mr. Folks's Claims.

To the extent the Court decides to adjudicate Defendants' statute of limitations arguments in the first instance, it should still vacate the district court's decision. The parties do not dispute that a one-year statute of limitations applied to Mr. Folks's claims under the Americans with Disabilities Act and Rehabilitation Act

[2] To the extent Defendants argue that their statute of limitations defense might further justify finding that Mr. Folks forfeited the inapplicability of the PLRA, Defendants' position is unsupported by law. Defendants cite no authority for their position, and it runs directly counter to *Bernal.* There, this Court determined that the dismissal of a plaintiff's claims before an opportunity to be heard on the merits "undoubtedly harmed him," and did not require any further showing of harm. *Bernal*, 757 F. App'x at 319. Further, the idea that an appellate court can never excuse forfeiture when there exist other grounds for affirmance is unworkable, as it would improperly call on the Court to hold miniature fact-finding expeditions to simply determine whether an argument has been properly preserved.

("ADA/RA") and 42 U.S.C. § 1983. ROA.2323. The dispute instead centers on the date on which Mr. Folks's claims accrued. This Court recognizes that a continuing violation "does not accrue until the date medical attention is provided" in cases alleging "a failure to provide needed and requested medical attention." *Lavellee v. Listi*, 611 F.2d 1129, 1132 (5th Cir. 1980); *Donaldson v. O'Connor*, 493 F.2d 507, 529 (5th Cir. 1974) (holding with respect to a cause of action under 42 U.S.C. § 1983 that "[w]hen a tort involves continuing injury, the cause of action accrues, and the limitation period begins to run, at the time the tortious conduct ceases"), *vacated on other grounds*, 422 U.S. 563 (1975).

Courts in this Circuit have held that a claim arising under the ADA/RA accrues for as long as the discriminatory condition persists. *See Guy v. LeBlanc*, 400 F. Supp. 3d 536, 542 (M.D. La. 2019) (holding that a prisoner's ADA claim "accrued on each day the Department [of Public Safety & Corrections] failed to correct a non-compliant service, program, or activity"); *Bailey v. Bd. of Comm'rs of La. Stadium & Exposition Dist.*, 427 F. Supp. 3d 806, 819 (E.D. La. 2019) (same). As Mr. Folks argued below, the discriminatory conditions arose from Defendants' ongoing failure to provide Mr. Folks with less restrictive housing and appropriate psychiatric and behavioral care to accommodate Mr. Folks's known mental health disabilities. *See* ROA.2322-24. Up to and through the day of Mr. Folks's release from prison, Defendants *never* provided non-isolated housing accommodations for Mr. Folks's

mental disabilities, *see, e.g.*, ROA.2420-29, 2462-63, 1386, 5238, or treatment for obvious symptoms of his mental health conditions, *see* ROA.5542-48. Thus, Mr. Folks's claims persisted each day that he was in Defendants' custody. Accordingly, the record establishes that Mr. Folks's claims accrued the day before his release from Defendants' custody on November 14, 2022, ROA.1909, less than one year before he filed the complaint on September 12, 2023. ROA.25.

Under 42 U.S.C. § 1983, the statute of limitations likewise runs from the last day of a continuing violation of the plaintiff's civil rights. *See Lavellee*, 611 F.2d at 1132; *Donaldson*, 493 F.2d at 529; *Boswell*, 629 F. App'x at 583. Defendants refused to remove Mr. Folks from conditions that Defendants knew exacerbated his self-harming symptoms during the entire term of his incarceration. *See* ROA.2322-24, 2420-29, 2462-63, 1386, 5545-48, . Each day Defendants refused to ameliorate these unconstitutional conditions restarted the clock on Mr. Folks's claims until his release. *See Brooks v. Menifee*, 2010 WL 7827470, at *3 (W.D. La. Sept. 27, 2010), *report and recommendation adopted*, 2011 WL 5117600 (W.D. La. Oct. 26, 2011) (42 U.S.C. § 1983 claim based on improper housing placement accrued when the plaintiff was removed from the improper environment and thus the continuing violation ended).

In support of their prescription defense, Defendants take an unduly narrow view of Mr. Folks's claim. Defendants, without explanation, construe Mr. Folks's

claims as relating to successive periods of physical restraints that occurred in 2021. However, Mr. Folks's claims under the ADA/RA and Section 1983 do not arise from any singular discrete period(s) of restraints, or any one isolated act by Defendants. Instead, Mr. Folks challenges Defendants' institutional practice of refusing to accommodate his known mental disabilities, which extended throughout the term of his incarceration. Both here and below, Defendants offer no rebuttal to Mr. Folks's continuing violation arguments. Defendants' reliance on *Brockman v. Texas Department of Criminal Justice* only emphasizes the omission: that case involved violations stemming from "specific instances" of conduct, all of which occurred before the limitations period, and therefore is not pertinent to the case at bar. 397 F. App'x 18, 20, 23 (5th Cir. 2010) (unpublished). Should the Court reach the statute of limitations defense, it should hold that Mr. Folks's claims are not prescribed.

## CONCLUSION

For the reasons explained herein and in Plaintiff-Appellant's Brief, this Court should reverse the district court's grant of summary judgment and the denial of Mr. Folks's motion for reconsideration, vacate the judgment, and remand for further proceedings on the merits.

Dated: September 30, 2026

Respectfully submitted,

/s/ *Elizabeth A. Edmondson*

Elizabeth A. Edmondson
Shailee D. Sharma
Molly Oberstein-Allen
Kevin K. Si
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600
eedmondson@jenner.com

Kenneth D. Beale
JENNER & BLOCK LLP
1099 New York Avenue
NW Suite 900
Washington, DC 20001
(202) 639-6000
kbeale@jenner.com

Samuel Weiss
Derrick L. Luster
RIGHTS BEHIND BARS
Number 3381
1800 M Street, NW
FNT 1 #33821
Washington, DC 20033
(202) 455-4399
sam@rightsbehindbars.org

*Counsel for Plaintiff-Appellant Joshua Folks*

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2026, I caused the **Reply Brief of Plaintiff-Appellant Joshua Folks** to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. I certify that service on opposing counsel listed below will be accomplished by the CM/ECF system.

Andrew Blanchfield
Keogh, Cox & Wilson, Ltd.
701 Main Street
Baton Rouge, LA 70802-5527
ablanchfield@keoghcox.com

/s/ *Elizabeth A. Edmondson*
Elizabeth A. Edmondson

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) and because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 4,518 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365, in 14 point Times New Roman for the main text and footnotes.

/s/ *Elizabeth A. Edmondson*
Elizabeth A. Edmondson